IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, as Subrogee
of Barry and Crystal Cox,**

      **Plaintiff,**

v.                 //     CIVIL ACTION NO. 1:09CV30
                                    (Judge Keeley)

**SAGNN, LLC, doing business
as Servicemaster Plus,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
DEFENDANT'S MOTION TO DISMISS OR JOIN PARTIES
(DKT. 30) AND DISMISSING CASE FOR NONJOINDER**

    Pending before the Court is the motion of the defendant, SAGNN, LLC, doing business as Servicemaster Plus ("Servicemaster"), to join various parties under Fed. R. Civ. P. 19, or, alternatively, to dismiss the complaint of the plaintiff, Erie Insurance Property & Casualty Company ("Erie"). Because Servicemaster seeks to join parties who are indispensable under Fed. R. Civ. P. 19 whose joinder would preclude the Court from exercising jurisdiction, the Court **GRANTS** the motion **IN PART** (dkt. 30) and **DISMISSES** this case **WITHOUT PREJUDICE**.

**I. FACTUAL BACKGROUND**

    On May 15, 2007, the home of Barry and Crystal Cox ("the Coxes") located in Morgantown, West Virginia, suffered substantial

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
DEFENDANT'S MOTION TO DISMISS OR JOIN PARTIES
(DKT. NO. 30) AND DISMISSING CASE FOR NONJOINDER**

water damage when a pressure valve under the kitchen sink failed.[1] The Coxes were away from home at the time of the incident. According to Servicemaster, the Coxes contacted it later that evening and directed it to begin cleanup operations (dkt. 15 at 2). Servicemaster performed cleanup, mitigation, and restoration work in the house, as did Decorating Divas, LLC ("Divas"), and ACI Restoration Remediation Services ("ACI").

## II. PROCEDURAL HISTORY

On February 9, 2009, Erie filed this action against Servicemaster, alleging that, as subrogee of the Coxes, Servicemaster was liable to it for $478,392.44 in damages that Erie had paid to the Coxes and other cleanup companies (dkt. 1) in excess of Erie's original loss estimates. Erie alleges that these excess costs resulted from Servicemaster's negligent conduct while performing cleanup operations at the Coxes' residence.

Approximately three months later, on May 15, 2009, the Coxes filed an action in the Circuit Court of Monongalia County, West Virginia, naming as defendants Erie, Servicemaster, Divas, ACI and

---

[1] Unless otherwise stated, the facts are drawn from Erie's complaint in this case (dkt. no. 1).

**ERIE INSURANCE v. SAGNN**                                       **1:09CV30**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
DEFENDANT'S MOTION TO DISMISS OR JOIN PARTIES
(DKT. NO. 30) AND DISMISSING CASE FOR NONJOINDER**

the Morgantown Utility Board ("MUB"), which had provided water service to the Coxes' home (dkt. 31-1). In that action (the "Cox action"), the Coxes allege that the defendants' negligence contributed to their losses. The defendants in the Cox action subsequently filed cross-claims against each other, including a cross-claim by Erie against Servicemaster that substantially restated the allegations in its federal complaint.

Servicemaster's motion seeks to join the Coxes, ACI, Divas and MUB in this action under Fed. R. Civ. P. 19. Alternatively, it seeks dismissal of the complaint under Rule 19, because joinder of the additional parties to the Cox action would defeat diversity jurisdiction.

### III. <u>JOINDER AND DISMISSAL UNDER RULE 19</u>

Rule 19 establishes two categories of potential parties relevant to a motion for joinder. First, under Rule 19(a), a person subject to service of process and whose presence in the case would not deprive the court of jurisdiction must be joined if the person's presence in the case is necessary to afford "complete relief," or if the person claims an interest in the subject matter of the case and its absence would either deprive the person of the

**ERIE INSURANCE v. SAGNN**                                           **1:09CV30**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
DEFENDANT'S MOTION TO DISMISS OR JOIN PARTIES
(DKT. NO. 30) AND DISMISSING CASE FOR NONJOINDER**

ability to protect that interest, or expose an existing party to the risk of "double, multiple or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a). A party meeting the requirements of Rule 19(a) is generally referred to as a "necessary" party. Id.

Under Rule 19(b), if a party's presence would destroy jurisdiction but otherwise meets the requirements of Rule 19(a), the court may either dismiss the case or order that it proceed without the party. If a court determines that, "in equity and good conscience," the action should not proceed in the absence of a party, that party is considered "indispensable." Fed. R. Civ. P. 19(b). In making this decision, Rule 19(b) directs the court to consider, among other factors, the potential for prejudice to existing and potential parties under either outcome, the extent to which this prejudice might be mitigated, and the availability of alternative relief. Id. This analysis must be made "pragmatically," and dismissal is only warranted "when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." Owens-Illinois, Inc., v. Meade, 186 F.3d 435 (4th Cir. 1999).

**ERIE INSURANCE v. SAGNN** 1:09CV30

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
DEFENDANT'S MOTION TO DISMISS OR JOIN PARTIES
(DKT. NO. 30) AND DISMISSING CASE FOR NONJOINDER**

## IV. ANALYSIS

As discussed below, the parties to the Cox action (the Coxes, Divas, ACI and MUB) are necessary parties to this action and proceeding without their presence would create a substantial risk of inconsistent obligations and impair the ability of the absent parties to protect their interests. Their presence in the case, however, would destroy diversity jurisdiction, as the various claims of the parties would result in the presence of West Virginia citizens who are adverse to one another. Finally, the potential for prejudice upon dismissal is minimal as Erie may continue to assert all of its claims against Servicemaster in the parallel Cox action.

### A. THE PARTIES TO THE COX ACTION ARE NECESSARY UNDER RULE 19(a).

As set forth in the cross-claims of the Cox action, the defendants, including Servicemaster, each assert various claims against one another. Further, the Coxes assert claims against Servicemaster and the other defendants. Resolving Servicemaster's liability in this case could prevent the Coxes from protecting their interests in the state court suit.

Additionally, the potential for inconsistent obligations mandates a finding that these parties are necessary. The logical

**ERIE INSURANCE v. SAGNN**                                          **1:09CV30**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
DEFENDANT'S MOTION TO DISMISS OR JOIN PARTIES
(DKT. NO. 30) AND DISMISSING CASE FOR NONJOINDER**

possibilities are numerous. For example, a jury in this action might find Servicemaster liable, while a different jury could conclude that another party is liable in the Cox action. Or it is possible that both actions might result in judgments against Servicemaster, but for differing amounts. Alternatively, Erie might prevail as a subrogee in this action, only to have the state court determine that the Coxes' rights were not subrogated to Erie at all.

Most importantly, were this Court to determine that the Coxes, and by extension Erie, have no cause of action against Servicemaster, the Coxes could well be precluded from any recovery against Servicemaster in their state court action. Although the Coxes do not directly claim an interest in this action via a motion to intervene, they clearly claim an interest in the <u>subject matter</u> of this litigation as evidenced by their state court complaint.

B.  **JOINDER OF THE COX ACTION DEFENDANTS WOULD DEFEAT DIVERSITY.**

Erie argues that, even if the parties to the Cox action are necessary, their joinder would not defeat diversity because those parties (all West Virginia residents) would be joined as defendants, with Erie, the lone non-citizen, as the sole plaintiff.

**ERIE INSURANCE v. SAGNN**                                    **1:09CV30**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
DEFENDANT'S MOTION TO DISMISS OR JOIN PARTIES
(DKT. NO. 30) AND DISMISSING CASE FOR NONJOINDER**

This statement of the potential parties' alignment is inaccurate, however, because the Coxes would properly be joined as plaintiffs (voluntary or otherwise) to "accord complete relief." Erie has no claim against the Coxes; instead, the Coxes assert claims against Erie, as well as Servicemaster and the other defendants in the state suit. Divas, ACI and MUB would be joined as defendants adverse to the Coxes, again positioning plaintiffs and defendants of non-diverse citizenship.

## C. <u>DISMISSAL OF THIS ACTION IS PROPER.</u>

Dismissal for nonjoinder of an indispensable party is a "drastic remedy . . . which should be employed only sparingly." <u>Teamsters Local Union No. 171 v. Keal Driveaway Co.</u>, 173 F.3d 915, 917 (4th Cir. 1999).

> When an action will affect the interests of a party not before the court the ultimate question is this: Were the case to proceed, could a decree be crafted in a way that protects the interests of the missing party and that still provides adequate relief to a successful litigant?

<u>Id.</u> Here, however, there is no way, for example, to limit a judgment for Servicemaster finding it was not negligent, without precluding the Coxes from recovery against it in their state court case. The Court's decision to dismiss this action is further

**ERIE INSURANCE v. SAGNN** 1:09CV30

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
DEFENDANT'S MOTION TO DISMISS OR JOIN PARTIES
(DKT. NO. 30) AND DISMISSING CASE FOR NONJOINDER**

supported by the convenient alternative Erie already possesses: prosecuting its claims against Servicemaster in the Cox action.

### V. CONCLUSION

For the reasons discussed, the Court **GRANTS-IN-PART** Servicemaster's motion (dkt. 30) and **DISMISSES** this case **WITHOUT PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to remove the case from the active docket and to transmit copies of this Order to counsel of record.
DATED: June 23, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE